**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MAIL BOXES ETC., INC., et al.,

Plaintiffs,

vs.

MJK OF ITHACA INC., et al.,

Defendants.

CASE NO. 10cv2112 DMS (BGS)

**ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**[Docket No. 9]**

This matter comes before the Court on Plaintiffs' *ex parte* application for a temporary restraining order ("TRO") against one of its former franchisees. Defendants MJK of Ithaca, Inc., David Lamoureux and Joanne Lamoureux oppose the application.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v.*

*Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008)).

Here, Plaintiffs argue they have shown a likelihood of success on the merits of their trademark infringement claim. In support of this argument, Plaintiffs cite Defendants' "continued, unauthorized use" of Plaintiffs' marks. (Mem. of P. & A. in Supp. of *Ex Parte* App. at 12.) However, Defendants assert the cited uses of the marks were isolated, inadvertent events, and that they "have taken all steps to ensure that such an incident will never happen again." (Opp'n to *Ex Parte* App. at 8.) Defendants also explain the efforts they have taken to de-identify their store as a The UPS Store. Under these circumstances, Plaintiffs have not shown a likelihood of success on their trademark infringement claim, nor have they shown they are likely to suffer irreparable harm in the absence of a temporary restraining order. Furthermore, Plaintiffs have not shown that the balance of equities weighs in their favor, or that an injunction would serve the public interest in this case. In the absence of such a showing, Plaintiffs are not entitled to a temporary restraining order.

## II.

## CONCLUSION

For these reasons, Plaintiffs' *ex parte* application for temporary restraining order is denied.

**IT IS SO ORDERED**.

DATED: November 15, 2010

HON. DANA M. SABRAW
United States District Judge